MARI, PLAINTIFF AND APPELLEE, *v.* PABÓN ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action of Nullity, Etc.—Motion for Dismissal.

No. 3220.—Decided June 18, 1924.

APPEAL—TRANSCRIPT.—An appeal will be dismissed when the transcript of the record is not certified to by the clerk of the court or by the attorneys for the parties.

The facts are stated in the opinion.

*Messrs. A. Nazario Lugo* and *P. Amado Rivera* for the appellants.

*Messrs. Benet & Souffront* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

There is pending in this court a motion made by the appellee for dismissal of the appeal because the transcript of the record is not certified to in accordance with the law and because the brief of the appellants is not prepared in conformity with the rules of this court.

The so-called "record of the appeal" covers 79 typewritten pages and contains as one record the pleadings and the evidence.

At the end the following appears:.

"We hereby certify: That the foregoing constitutes the original transcript of the record of the appeal taken by the defendants and includes the complaint, the demurrers, the defendants' answer, the oral and documentary evidence introduced at the trial by both parties, etc., etc., and also the rulings of the court during the trial,

the final judgment, the notice of appeal and the extensions of time granted for the preparation of the transcript, all of which constitute the record of the appeal taken by the defendants from the judgment in this case.—And for the purposes of the appeal taken to the Supreme Court of Porto Rico we certify the present transcript of the record of the appeal, the judgment-roll and the notice of appeal at Mayagüez on this 24th day of August, 1923.—A. Nazario Lugo, attorney for the appellants.— ——— ———, attorney for the plaintiff and appellee.

"Receipt of a copy of the preceding record is acknowledged this 24th day of August, 1923.—Benet & Souffront.

"I, Angel Acosta Quintero, Judge of the District Court for the Judicial District of Mayagüez, P. R., certify: That the foregoing transcript of the stenographic notes is the same that has been presented in this civil case No. 9301 of Ernesto Mari y Rodríguez v. Dionisio Ulises Pabón for nullity and cancellation, and I hereby approve it as a true and exact transcript of the proceedings had during the trial and order that it shall form a part of the record for the purposes of the appeal taken by the plaintiff.

"Given under my signature and the seal of the Court in Mayagüez, P. R., December 4, 1923.—Angel Acosta, District Judge."

As may be observed at once, the transcript was prepared to be certified to by the attorneys for both parties, but the attorneys for the appellee did not sign the certificate and merely acknowledged receipt of a copy of the transcript. That being the case, the first certificate is absolutely worthless.

What is the scope of the certificate of the judge immediately following? It refers to the "foregoing transcript of the stenographic notes." Is what precedes it really a stenographic record?

In order to answer these questions we must first examine four certificates filed by the parties in connection with the motion for dismissal.

The first two were filed by the appellant in opposition to the motion and they read in part as follows:

"November 16, 1923.—In this case the parties appeared by their attorneys for the settlement of the transcript of the stenographic

record and after hearing the parties the court approved the said transcript.''

. ''I certify: That the preceding order appears ·at page 142 of book 7.2 of the minutes of this Court.

''And at the request of etc.   *   *   *   Enrique Baez, Clerk, District Court, Mayagüez, P. R.''

---

''In this case on November 16, 1923, the day set for the settlement of the transcript of the stenographic record presented by the defendant-appellant for the purposes of the appeal the attorney for the plaintiff appeared.

''Plaintiff.—There is no objection.

''Judge.—As there is no objection the stenographic record is approved.

''I certify: That the foregoing is a copy etc.   *   *   *   Gonzalo Arán, Stenographer, District Court.''

The third and fourth certificates were offered by the appellee. In so far as pertinent they contain the following:

''I, Enrique Baez, Clerk of the District Court for the Judicial District of Mayagüez, P. R., do hereby certify: That in the above-entitled case the stenographer of the court did not file with the clerk the original stenographic record, nor did the defendant-appellants who submitted to the approval of the court a transcript of the whole record including the pleadings, the testimony and the documentary evidence offered at the trial, all of which was sent up to the Supreme Court by the undersigned. And at the request etc.   *   *   *   Enrique Baez, Clerk, District Court.''

---

''I, Gonzalo Arán, declare and certify under oath: That I am the stenographer of the District Court for the Judicial District of Mayagüez, Porto Rico, and was such stenographer on the dates hereinafter mentioned; that prior to November 16, 1923, I proceeded to transcribe the stenographic record of the trial of the above-entitled case and at the request of the defendant-appellant, Dionisio Ulises Pabón, did not include in the said stenographic record the documentary evidence and did not file the said record in the clerk's office of the Court or give notice thereof to the plaintiff-appellee, Ernesto Mari Rodríguez, or to his attorneys, Benet & Souffront, but delivered the original record to the defendant-appellant, Dionisio Ulises Pabón. And at the request of etc.   *   *   *   Gonzalo

Arán.—Sworn and subscribed to before me by Gonzalo Arán, etc., * * * Enrique Baez, Clerk, District Court.''

It may be inferred that the appellants asked the stenographer for a transcript of the testimony and with it as a basis, together with the pleadings and the documentary evidence offered at the trial, they themselves prepared the transcript of the record which was approved by the judge with the participation of the appellee, as appears from the court's minutes of November 16, 1923. Both the minutes of the clerk and the notes of the stenographer call it a ''stenographic record'' when the fact is that what was submitted and approved was the ''record of the appeal,'' as appears from their other certificates. The order of approval does not appear to be, as it should, an approval of the transcript itself.

Under these circumstances the appellant prepared the certificate to be signed by the attorneys for both parties, but, as we have seen, the attorneys for the appellee did not sign it.

What should the appellant have done then? His only course under the statute was to substitute the certificate of the attorneys by that of the clerk of the court. He did not follow that course, but obtained a certificate of the judge which would have been proper if the other statutory method of having the stenographer prepare the transcript of the evidence had been followed. This method was not followed here because there is no transcript certified to by the stenographer preceding the certificate of the judge and because the ''record of the appeal'' not only contains the evidence, but also the pleadings, and is not certified to by the clerk or by the attorneys for both parties, the only officials with authority to do so.

As regards the brief it will suffice to say that it is a diffuse document which does not conform entirely to the rules of this court.

By virtue of all of the foregoing the motion of the appellee must be sustained and the appeal dismissed.

*Appeal dismissed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.